UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KEVIN J. BECKER,

                            Plaintiff,

                            **DECISION AND ORDER**
     v.                                   17-CV-935

BUFFALO BOARD OF EDUCATION,

                            Defendant.

---

On September 22, 2021, this Court referred this case to United States Magistrate Judge H. Kenneth Schroeder, Jr., pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). Dkt 17.[1] Pending before this Court are the plaintiff's objections (Dkt. 25) to Judge Schroeder's report and recommendation ("R&R")(Dkt. 18), which recommends granting defendant's motion to dismiss plaintiff's complaint.

## PROCEDURAL HISTORY

On September 19, 2017, plaintiff filed a *pro se* complaint in this employment discrimination action alleging, *inter alia*, that defendant violated his rights under Title VII of the Civil Rights Act of 1964 ("Title VII claim") , as amended, 42 U.S.C. §§ 2000 et seq.; Age Discrimination in Employment Act of 1967 ("ADEA claim") , as amended, 29 U.S.C. §§ 621 et seq.; American with Disabilities Act of 1990 ("ADA Claim") , as amended, 42 U.S.C. §§ 12101 et seq.; and Uniformed Services

---

[1] References herein, unless otherwise indicated, are to items set forth on the docket in the above-captioned case.

Employment and Reemployment Rights Act of 1994 ("USERRA claim"), as amended, 38 U.S.C. §§4301 et seq. Dkt. 1, p.1. On May 4, 2018, defendant moved to dismiss the complaint. Dkt. 4. Plaintiff responded to defendant's motion to dismiss on August 30, 2018. Dkt. 12.   Defendant replied. Dkt. 16.

On March 26, 2025, Judge Schroeder issued his R&R, finding that the defendants' motion for summary judgment should be granted and recommending that plaintiff's complaint be dismissed. Dkt. 18.

Following an extension of his filing deadline, plaintiff, on April 30, 2025, filed objections to Judge Schroeder's R&R. Dkt. 25.  Defendant filed a response, Dkt. 27, and Plaintiff replied. Dkt. 30.

## DISCUSSION

With respect to dispositive matters, a district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to" and "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1).  Objections to a Magistrate Judge's Report and Recommendation are governed by Rule 72(b) of the Local Rules of Civil Procedure for the United States District Court for the Western District of New York (hereinafter "Loc.R.Civ.P.").  Specifically, Loc.R.Civ.P. 72(b) provides that the "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and

shall be supported by legal authority." *See*, *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 381 (W.D.N.Y. 1992). As this Court has previously stated:

> It is clear from the plain meaning of the rule that objections to a Report and Recommendation are to be specific and are to address only those portions of the proposed findings to which the party objects. It is improper for an objecting party to attempt to relitigate the entire content of the hearing before the Magistrate Judge by submitting papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a "second bite at the apple" when they file objections to a Report and Recommendation, as the "goal of the federal statute providing for the assignment of cases to magistrates is to 'increas[e] the overall efficiency of the federal judiciary.' " *McCarthy v. Manson*, 554 F.Supp. 1275, 1286 (D.Conn.1982), *aff'd*, 714 F.2d 234 (2d Cir. 1983) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 (former 5th Cir.1982) (en banc)) (footnote omitted). "The purpose of the Federal Magistrates Act is to relieve courts of unnecessary work." *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir. 1980). There is no increase in efficiency, and much extra work, when a party attempts to relitigate every argument which it presented to the Magistrate Judge.

*Id.*, pp, 381-82. Here, plaintiff attempts to take a "second bite" by repeating in his objections the very same arguments he made before Judge Schroeder. Judge Schroeder issued a comprehensive and thorough 23-page R&R in which he considered, analyzed, and rejected each claim raised by plaintiff. Plaintiff's failure to abide by the Local Rules alone provides sufficient basis for this Court to deny his objections based on a clear error standard without even warranting *de novo* review. *Pickering v. U.S. Dep't of Just.*, No. 14-CV-330-A, 2024 WL 2149035, at *4 (W.D.N.Y. May 14, 2024).

Notwithstanding the foregoing, the Court has, pursuant to 28 U.S.C. § 636(b)(1)(B), made a *de novo* determination of the Magistrate Judge's Report and Recommendation. The Court has also reviewed the submissions of the parties, and upon *de novo* review, the Court adopts the proposed findings for the reasons stated in Judge Schroeder's Report and Recommendation.  To the extent that plaintiff cites to allegations set forth in an amended complaint he has recently filed in a different lawsuit he has brought against defendant, *see*, Case 25-CV-305-A, Docket Item 2, "to cure any deficiencies' in the complaint filed in this case, Dkt. 30, p.11, such effort is rejected by this Court. *See*, *Curtis v. Citibank, N.A.*, 226 F.3d 133, 140 (2d Cir. 2000)("Plaintiff[] may not file duplicative complaints in order to expand [his] legal rights").

Accordingly, the defendant's motion for dismiss (Dkt. 4) is **GRANTED**; the plaintiff's complaint is **DISMISSED**; and the Clerk of Court is instructed to close the case.

**SO ORDERED**.

       *s/Richard J. Arcara*
       HONORABLE RICHARD J. ARCARA
       UNITED STATES DISTRICT COURT

Dated: July 16, 2025
      Buffalo, New York